IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BARBARA DESSERT**                                                                 **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO.** 1:25cv256 HSO-BWR

**GULFSIDE CASINO PARTNERSHIP
D/B/A ISLAND VIEW CASINO RESORT;
AND FICTITIOUS DEFENDANTS A-Z**                                                      **DEFENDANT(S)**

**COMPLAINT**
**(Trial By Jury)**

COMES NOW, Plaintiff, BARBARA DESSERT, by and through her undersigned counsel, who files this Complaint against Defendants, Gulfside Casino Partnership D/B/A Island View Casino Resort, and Fictitious Defendants A-Z (hereinafter referred to collectively as "Defendants"), and would show this Honorable Court that:

**PARTIES**

1. Plaintiff, Barbara Dessert (hereinafter referred to as "Plaintiff"), is an adult resident citizen of Santa Rosa County, State of Florida.

2. Defendant, Gulfside Casino Partnership D/B/A Island View Casino Resort (herein referred to as "Defendants" or "Island View"), upon information and belief and at all times mentioned herein, is a General Partnership organized under the laws of Mississippi with its principal place of business located at 3300 W Beach Blvd, Gulfport, Harrison County, Mississippi 39501. Upon information and belief, Gulfside Casino Partnership D/B/A Island View Casino Resort's registered agent for service of process with the Mississippi Secretary of State is Michael Bruffey, 3300 W Beach Blvd., Gulfport, Harrison County, Mississippi

39501. This Defendant may be served with process pursuant to the Federal Rules of Civil Procedure.

3. Fictitious Defendants A-Z are various unidentified individuals and/or entities, presently unknown to the Plaintiff, who may be responsible, in part, for the conduct complained of herein and the resulting injuries to the Plaintiff. Plaintiff is making diligent inquiries to determine the identity and whereabouts of Fictitious Defendants A through Z. Plaintiff will, with leave of Court, replace Fictitious Defendants A through Z as named Defendants in this action by amendment or supplemental pleadings in accordance with Rules 15 and 21 of the Federal Rules of Civil Procedure, as soon as practical or identified, with their service relating back to the original date of the filing of this action.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Plaintiff and all known Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of Florida. Defendant Gulfside Casino Partnership D/B/A Island View Casino Resort is a Mississippi general partnership, with its partners consisting of Gulfside Casino, Inc., a Mississippi corporation, and Copa Casino of Mississippi, LLC, a Mississippi limited liability company whose members are, upon information and belief, Rick Carter, a citizen of Mississippi, and Terry Green, a citizen of Texas.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in Harrison County, Mississippi, which lies within the Southern Division of the Southern District of Mississippi.

## FACTS

6. Ms. Dessert incorporates by reference all preceding paragraphs as though fully set forth herein.

7. On or about August 18, 2022, Ms. Dessert was a business invitee at Defendant's place of business located at the Island View Casino Resort, 3300 West Beach Boulevard, Gulfport, Mississippi 39501 (hereinafter referred to as "premises", "casino", "resort", "hotel", or "facility").

8. On the aforementioned date, Ms. Dessert was in the pool area of the premises to take some pictures with a friend. While she was taking pictures, she bumped into a chair in the pool area and cut her right leg on the chair. Ms. Dessert did not have any prior knowledge or notice of the dangerous or hazardous conditions posed by the chair, and she was seriously injured as a result. Upon information and belief, shortly after the incident, an employee of Island View informed Ms. Dessert that the employee and/or other employees had also sustained cuts from the same type of chairs in that area, indicating that the Defendants had prior notice of the hazardous condition.

## NEGLIGENCE

9. Ms. Dessert incorporates by reference all preceding paragraphs as though fully set forth herein.

10. At all times relevant to this Complaint, Defendants owned, operated, maintained, managed, and/or controlled the Island View Casino Resort located at 3300 West Beach Boulevard, Gulfport, Mississippi 39501.

11. As owner, operator, and/or manager of said premises, the Defendants owed a duty of reasonable care to their invitees, such as Ms. Dessert, to maintain the premises in a

reasonably safe condition, including ensuring that lounge chairs and other furniture in the pool area were free from hazards.

12. Defendants were negligent and breached their duty to provide reasonable care to their invitees by their actions and/or omissions (by their owners, employees, servants, managers, or other agents), in that they, among other things:

    a. Failed to maintain the pool area in a safe condition;

    b. Failed to maintain the chairs in a safe condition;

    c. Failed to warn Ms. Dessert of the hazardous condition;

    d. Failed to warn Ms. Dessert of the hazardous condition present with the chairs;

    e. Failed to keep the chairs free of hazardous sharp edges;

    f. Carelessly and negligently permitted and allowed an unsafe condition to develop and/or remain in the premises area where invitees walk or sit, including Ms. Dessert;

    g. Failed to adequately and properly inspect, discover, and correct the dangerous or hazardous conditions;

    h. Failed to take reasonable precautions to guard against or to protect Ms. Dessert against said dangerous or hazardous conditions;

    i. Failed to properly train, hire, and/or supervise employees and/or to implement proper procedures to ensure the premises was a safe place for invitees;

    j. Failed to properly train, hire, and/or supervise employees and/or to implement proper procedures to notify managers, owners, agents, etc. about dangerous conditions so that they may be corrected;

    k. Failed to maintain the pool area in the best possible and reasonable manner;

    l. Failed to prevent Plaintiff's injury in accordance with OSHA and other industry standards for pool areas such as the one at Island View;

    m. Failed to remove any lounge chairs with sharp edges or objects;

    n. Failed to remedy or warn of the hazardous chairs despite actual knowledge of prior similar injuries, including injuries to the Defendants' own employees;

    o. Applying the theory of res ipsa loquitur; and

    p. All other acts of negligence and/or gross negligence which caused the accident sued upon herein and will be shown at the trial of this civil action.

13. At all material times, Island View, by and through its agents and/or employees, caused or had actual knowledge of the existence of the dangerous and hazardous conditions on the premises (including through prior injuries to employees from the same or substantially similar chairs), or in the exercise of reasonable care should have known of such conditions, and/or the condition existed for such a length of time that the Defendants should have corrected the dangerous conditions prior to the incident injuring Ms. Dessert.

## DAMAGES

14. As a direct, foreseeable, and/or proximate result of Defendants' negligent acts and/or omissions, and upon all information and belief, Ms. Dessert suffered serious injuries which non-exclusively include a deep gash on her lower right leg that required vascular surgery

and stitches; chronic venous hypertension with ulcer and inflammation of her right lower leg; wound care due to infection; scarring on her right lower leg; pain, swelling, abrasions, tenderness, decreased strength, instability; use of medical devices and prescriptions; and/or other injuries which may be shown at the trial of this civil action.

15. As a direct, foreseeable, and/or proximate result of Defendants' negligent acts and/or omissions, and upon all information and belief, Ms. Dessert was seriously injured resulting in: past and future expenses for medical care/treatment; past and future physical pain and suffering; disfigurement; disabling and/or permanent bodily injuries; past and future loss of enjoyment of life; attorney's fees; past and future mental and emotional suffering; past and future loss of wages and/or loss of ability to earn money; out-of-pocket medical expenses; and/or aggravation of a previously existing condition. Upon information and belief, Ms. Dessert will continue to suffer these damages in the future.

## JURY DEMAND

16. Plaintiff respectfully submits that she is entitled to a trial by jury on all issues raised herein and prays for a TRIAL BY JURY.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BARBARA DESSERT, prays that the Defendants be lawfully served with a copy of this Complaint and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, respectfully demands judgment against Defendants, jointly and severally, as follows:

      a. For compensatory damages in an amount to be determined by a jury;

      b. For pre- and post-judgment interest as allowed by law;

      c. For all costs of court and reasonable attorneys' fees;

      d. For special and general damages;

    e.    For punitive damages, if so proven; and

    f.    For such other and further equitable relief this Honorable Court deems just and proper.

Plaintiff respectfully demands a TRIAL BY JURY on all issues so triable.

RESPECTFULLY SUBMITTED on this 15th day of August, 2025.

                BY: /s/ Todd M. Farrar
                TODD M. FARRAR, MS Bar No. 104120
                *Attorney for Barbara Dessert*

**Prepared by:**
Todd M. Farrar, MS Bar No. 104120
HAUG, FARRAR, FRANCO, & RUIZ, PLLC
2336 Government Street
Ocean Springs, MS 39564
Phone: (228) 872-8752
Fax: (877) 325-2747
Email: todd@haugfarrar.com